J-A23012-21

2021 PA Super 234

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELINY ELIZA GRAJALES | : | |
| | : | |
| Appellant | : | No. 171 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 20, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at CP-54-CR-0000198-2020

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.:                    **FILED: DECEMBER 3, 2021**

Eliny Eliza Grajales (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of driving under the influence of controlled substances (DUI), driving while operating privilege is suspended or revoked, periods requiring lighted lamps, and possession of a small amount of marijuana.[1]  After careful review, we affirm.

The trial court summarized the facts adduced at Appellant's non-jury trial:

> On December 28, 2019, at 8:45 p.m., Corporal Matthew Hartung of the Pennsylvania State Police (hereinafter "Hartung"), was on routine patrol in an unmarked State Police vehicle in Mahanoy City, Pennsylvania.  As [] Hartung was travelling in a westerly direction on West Centre Street, he noticed a sedan passing by him going in the opposite direction (east) on West Centre Street without its headlights on.  Hartung reversed

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d), 1543(a), and 4302(a); 35 P.S. § 780-113(a)(31).

direction with his vehicle, and thereafter pulled over the vehicle being operated by [Appellant].

Hartung searched [Appellant's] registration and discovered that her Pennsylvania driver's license was suspended. Upon approaching [Appellant's] vehicle and informing her that the reason he had pulled her over was for her failure to have her headlights on while driving at night, Hartung immediately smelled the odor of marijuana emanating from inside the vehicle. Hartung also observed symptoms of [Appellant] being under the influence of marijuana, based on her eye pupils being dilated while seated in the vehicle. ... When asked whether she had been using marijuana, [Appellant] denied doing so. [Appellant] informed Hartung that a friend had smoked marijuana in her vehicle a day or two earlier. At this time Hartung asked [Appellant] to exit the vehicle. [Appellant] refused to do so. After a minor physical scuffle, Hartung detained [Appellant] and conducted a probable cause search of [Appellant's] vehicle[, without a warrant].

Upon searching [Appellant's] vehicle, Hartung found a plastic bag, and discovered inside the bag the "guts" of a blunt cigar. In addition, Hartung observed what he thought was marijuana residue on the floor of the passenger side, as well as a water bottle in the center console that contained ashes and what looked like … the remnants of a marijuana blunt inside the bottle. Upon finding these items and observing outward physical manifestation of marijuana use by [Appellant], Hartung performed field sobriety testing. He initially checked for eyelid tremors which, based on his experience, is indicative of marijuana use. After observing [Appellant's] eyelid tremors during this sobriety testing, Hartung continued to administer additional tests to [Appellant]. He eventually concluded that [Appellant] was likely under the influence of marijuana and then placed [Appellant] under arrest for DUI. Hartung testified that he presumed [Appellant] had used marijuana based on a totality of the circumstances: the odor of marijuana, dilated pupils, eyelid tremors, lack of eye convergence, and overall performance during field sobriety testing. Upon being placed under arrest, Hartung asked [Appellant] to go for a blood test[; Hartung also] read her the PennDot Form DL-26B, Chemical Testing Warnings and Refusal to Submit to a Blood Test. After reviewing this form with [Appellant], she indicated she would not submit to a blood test; thereafter[, Appellant signed] form DL-26B in the presence of Hartung.

Trial Court Opinion, 4/9/21, at 2-3 (citations to record omitted).[2]

The Commonwealth charged Appellant with the abovementioned offenses. **Appellant did not file an omnibus pretrial motion** (nor did she make an oral motion to suppress evidence). *See* Pa.R.Crim.P. 579(A) (providing a defendant must generally file an omnibus pretrial motion within 30 days of his or her arraignment).

The matter proceeded to a non-jury trial on December 21, 2020. Appellant testified on her own behalf. The Commonwealth presented the testimony of Hartung and Brendan McCann (McCann), a forensic scientist with the Pennsylvania State Police Crime Lab. McCann testified that the blunt cigar fragment inside the water bottle recovered from Appellant's vehicle contained tetrahydrocannabinol (THC), a Schedule 1 controlled substance. N.T., 12/21/20, at 40. The trial court found Appellant guilty at all counts. Appellant did not file any post-verdict motions.

On January 20, 2021, the trial court sentenced Appellant to serve 6 days of incarceration in county jail and one month of probation. Appellant did not file post-sentence motions. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues:

---

[2] There is no indication in the record that Appellant had a Pennsylvania medical marijuana patient identification card, pursuant to the Medical Marijuana Act, 35 P.S. § 10231.101 *et seq*.

1. Did the police lack probable cause to search based on the smell of marijuana?

2. Did the police lack probable cause to request a blood test or conduct field sobriety tests?

Appellant's Brief at 4.

Preliminarily, Appellant argues – in connection with her first issue – that she should benefit from the Pennsylvania Supreme Court's recent landmark decision in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), which was decided the day after the trial court rendered the guilty verdicts in this case. Appellant's Brief at 9. *Alexander* announced a new rule of criminal law mandating probable cause **and exigent circumstances** for a warrantless search of an automobile. *See Alexander*, 243 A.3d at 181, 207-08 (overruling *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (adopting federal "automobile exception" to the warrant requirement and holding that police may conduct a warrantless vehicle search based solely on probable cause, with no exigency required beyond the inherent mobility of a motor vehicle)).

Appellant asserts, "Because the *Alexander* decision was decided after [Appellant's] trial, it created new law which could not have been raised in a suppression motion prior to the trial." Appellant's Brief at 9. The Commonwealth counters, "Appellant did not properly preserve any challenge pursuant to … *Alexander*, and therefore the holding of *Alexander* cannot be applied retroactively to her case." Commonwealth Brief at 2. The

Commonwealth emphasizes that Appellant did not challenge the constitutionality of the warrantless search of her vehicle in an omnibus pretrial motion, even though the Pennsylvania Supreme Court had granted *allocatur* in ***Alexander*** several months before Appellant's arraignment.  ***Id.*** at 4.  The Commonwealth also stresses that after ***Alexander*** was decided, Appellant failed to file a post-verdict motion or post-sentence motion invoking ***Alexander***.  ***Id.***

> The trial court agrees with Appellant, concluding in its opinion that:
>
> . . . it appears this [c]ourt's determination of guilt on December 21, 2020 . . . became in conflict the very next day with the December 22, 2020, Supreme Court decision of ***Commonwealth v. Alexander***.  For the foregoing reasons, it is respectfully suggested that this matter should be remanded for further proceedings consistent with ***Alexander***.[2]
>
> > [2] The Supreme Court in ***Alexander*** concluded that it was appropriate to remand to the lower court for further proceedings on probable cause to search, where "the testimony was not particularly directed at the exigencies of the situation," and "further development" was warranted.  ***Alexander***, ***supra***, at 209.

Trial Court Opinion, 4/9/21, at 6 (footnote in original).

The trial court, however, failed to recognize that appellants are **not automatically** entitled to retroactive application of ***Alexander***.[3]  ***See Commonwealth v. Grooms***, 247 A.3d 31, 37 n.8 (Pa. Super. 2021) ("[I]n

---

[3] This Court may affirm on any basis and is not limited by a trial court's rationale.  ***Commonwealth v. Katona***, 191 A.3d 8, 16 (Pa. Super. 2018) (*en banc*).

order for a new rule of law to apply retroactively to a case . . ., **the issue [must] be preserved at all stages of adjudication** up to and including the direct appeal." (emphasis added; citation and quotation marks omitted)). The *Grooms* Court held that the appellant had waived any claim under *Alexander* because he only disputed the existence of probable cause and did not raise the issue of exigent circumstances or challenge the continuing validity of *Gary* in the trial court. *Id.* at 37.

Here, Appellant is not entitled to the application of *Alexander*, as she failed to preserve the claim. Unlike the defendant in *Alexander*, Appellant never challenged Hartung's warrantless search of her vehicle in the trial court. *Cf. Alexander*, 243 A.3d at 193 n.8 (finding defendant sufficiently preserved issue in a motion to suppress and at the suppression hearing). Appellant briefly raised *Alexander* for the first time in her Rule 1925(b) statement,[4] but did not reference either exigent circumstances or the overruling of *Gary*. *See* Pa.R.A.P. 302(a) (providing issues may not be raised

---

[4] Appellant's Rule 1925(b) statement reads:

Police lacked probable cause to search based on smell of marijuana (*Com. v. Alexander*, 2020 WL 7567601 (Pa. 2020)).

Police lacked probable cause to request blood test or conduct field sobriety tests.

Rule 1925(b) Statement, 3/19/21.

for the first time on appeal);[5] ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) ("A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." (citation omitted)). Accordingly, ***Alexander*** is inapplicable. ***See Grooms***, 247 A.3d at 37 n.8 & n.9; ***Commonwealth v. Moore***, 2021 PA Super 202, at *10, 11 (Pa. Super. Oct. 12, 2021) (appellant waived ***Alexander*** claim, pursuant to ***Grooms***, where appellant (a) "did not raise the issue of exigent circumstances, contend that a warrant was required to search the vehicle, or argue that ***Gary*** should be overruled"; and (b) "did not raise an issue with respect to exigent circumstances or challenge ***Gary*** in his Rule 1925(b) statement"); ***see also Commonwealth v. Aursby***, 2021 WL 2826473, at *6 (Pa. Super. July 7, 2021) (unpublished memorandum) (declining to apply ***Alexander***, pursuant to ***Grooms***, where appellant failed to preserve the issue).

Appellant further argues that the warrantless search of her vehicle was unlawful because the only indicia of criminality was an odor of marijuana, which is insufficient to establish probable cause. Appellant's Brief at 9.

As noted above, Appellant did not file a pretrial motion to suppress, which was the proper procedure for raising this claim. ***See***, ***e.g.***,

_____

[5] Appellant, **for the first time** in her appellate brief, summarily claims "no exigent circumstances existed." Appellant's Brief at 9. This bald claim is waived. ***See*** Pa.R.A.P. 302(a).

*Commonwealth v. Gibson*, 638 A.2d 203, 206-07 (Pa. 1994) ("The remedy for an illegal search is [] exclusion of all the evidence derived from the illegal search."). Pennsylvania Rule of Criminal Procedure 581 provides, in relevant part:

> **Rule 581. Suppression of Evidence**
>
> **(A)** The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.
>
> **(B)** Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. **If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be *waived*.**

Pa.R.Crim.P. 581(A), (B) (emphasis added). Our appellate courts have consistently affirmed the principle that "the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." *Commonwealth v. Collazo*, 654 A.2d 1174, 1176 (Pa. Super. 1995) (citation omitted); *see also Commonwealth v. Baumhammers*, 960 A.2d 59, 76 (Pa. 2006) (same). Further, though Appellant is correct that she could not have filed an omnibus pretrial motion invoking *Alexander* (decided after Appellant's conviction), she could have filed a pretrial suppression motion on other grounds, such as the purported absence of probable cause to conduct a lawful warrantless search of her vehicle. Accordingly, Appellant waived this claim. *See* Pa.R.Crim.P. 581(B); Pa.R.A.P. 302(a); *Cf. Moore*, 2021 PA Super 202, at *14 (despite finding

- 8 -

waiver of appellant's claim invoking **Alexander**, addressing appellant's challenge to warrantless search of vehicle where he preserved claim in a pretrial motion to suppress); **Aursby**, 2021 WL 2826473, at *6 (same).

In Appellant's second issue, she argues "the police lacked probable cause to request a blood test or conduct field sobriety tests." Appellant's Brief at 10 (capitalization omitted). For the same reasons discussed above, we find waiver based on Appellant's failure to raise her issue before the trial court. **See**, **e.g.**, Pa.R.A.P. 302(a); Pa.R.Crim.P. 581(B); **Collazo**, **supra**.[6]

As no relief is due, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2021

---

[6] Appellant repeatedly references the United States Supreme Court decision in **Birchfield v. North Dakota**, 579 U.S. 438, 136 S.Ct. 2160, 2186 (2016) (holding warrantless blood test cannot be deemed valid by virtue of implied consent law when accompanied by threat of criminal charge for failure to consent). Appellant has also waived any claim under **Birchfield** because she raises it for the first time on appeal. **See** Pa.R.A.P. 302(a); **Commonwealth v. Hays**, 218 A.3d 1260, 1266 (Pa. 2019) ("[a]ppellant is not entitled to retroactive application of **Birchfield** based on his failure to preserve the issue below.").