J-S14019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES J. YODER | : | |
| | : | |
| Appellant | : | No. 794 MDA 2023 |

Appeal from the PCRA Order Entered April 24, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0001457-2020

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: JULY 2, 2024**

Charles J. Yoder appeals *pro se* from the order entered on April 24, 2023, denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because we conclude that his claims either lack merit or are waived, we affirm.

The PCRA court set forth the relevant factual and procedural history:

> [O]n or about August 18, 2020, [Yoder] was charged with various sex crimes relating to child pornography by the Pennsylvania Office of Attorney General. On January 25, 2021, [Yoder] entered into a negotiated, written guilty plea agreement with the Commonwealth, wherein he pled guilty to Count 1, [d]istribution of [c]hild [p]ornography (18 Pa.C.S.A. [§] 6312(c)), as well as Count 5, [p]ossession of [c]hild [p]ornography (18 Pa.C.S.A. [§] 6312(d)). The Honorable William Baldwin, former President Judge of Schuylkill County Court of Common Pleas, now retired, sentenced [Yoder] on August 16, 2021, to a 5 to 10 year aggregate state prison sentence followed by 5 years['] probation.
>
> On August 5, 2022, [Yoder] filed his [m]otion for [p]ost-[c]onviction [c]ollateral [r]elief. … [B]y [o]rder dated August 19,

2022, [the PCRA court] appointed … counsel and granted forty-five (45) days to file any amendments to the motion. [The PCRA court] also issued a [r]ule [r]eturnable on the Commonwealth to show cause why an evidentiary hearing should not be granted. … [O]n October 7, 2022, the Commonwealth filed a response to the [c]ourt's [r]ule [r]eturnable, arguing that no genuine issue of material fact existed.

On October 11, 2022, [appointed counsel] filed a five page, detailed no merit letter [pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)] … . [Counsel] also sought to withdraw as [Yoder's] legal representative. On October 13, 2022, this [c]ourt permitted [counsel] to withdraw. On that date, we also filed a "Notice of Intention to Dismiss Without Hearing Pursuant to Pa.R.Crim.P. 907," giving [Yoder] twenty (20) days to respond to the Notice. On October 25, 2022, [Yoder] filed a [m]otion for [e]xtension of [t]ime, which was denied by [o]rder dated November 3, 2022. … On April 24, 2023, [the PCRA court] issued [an] [o]rder dismissing [Yoder's] PCRA [petition.]

PCRA Court Opinion, 7/31/23, at 1-3. Yoder appealed and filed his Rule 1925(b) statement of errors contemporaneously. ***See*** Pa.R.A.P. 1925(b).

Yoder presents 7 allegations of error in his statement of questions involved but his brief includes 19 separate argument sections. ***See*** Appellant's Brief, at IV-V, 1-28; Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). "[B]riefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted); ***see*** Pa.R.A.P. 2101 (if the brief of the appellant fails to conform with the Rules of Appellate Procedure in all material respects the appeal may be quashed if defects are substantial). While we are

- 2 -

"willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Tchirkow**, 160 A.3d at 804. A *pro se* appellant still must comply with our Rules of Appellate Procedure. **See id.** We do not quash the appeal on this basis as the defects are not substantial, but we do find a number of Yoder's claims waived as discussed below.

Yoder's brief is often rambling and repetitive, and it is difficult to ascertain his issues. He frequently cites to cases and rules not binding on this Court, such as the Federal Rules of Criminal Procedure and authorities from other states and lower federal courts. **See** Appellant's Brief, at 7, 8, 9, 11, 17, 18, 19, 20, 22, 25. Yoder also includes another court docket, CP-54-CR-0001835-2020, in many of his issues, although his PCRA petition was filed at docket CP-54-CR-0001457-2020 and only raised claims as to that docket. **See** Motion for Post-Conviction Collateral Relief, 8/5/22, at 1; Appellant's Brief, at 4, 5, 6, 8, 9, 10, 12, 13, 15, 17, 20, 21, 22, 23, 24, 25, 26. We will not consider any claims related to docket CP-54-CR-0001835-2020, as they were not raised with the PCRA court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Further, a number of Yoder's claims are unsupported by any citation to relevant authority or references to the record. **See** Pa.R.A.P. 2119(a), (c) (the argument shall include a citation of relevant authorities and if reference is made to any matter appearing in the record, the argument must reference the place in the record where the matter appears). "This Court will not

consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue." *In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015) (citations omitted); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted). We find issues 5, 6, 9, 11, 12, 13, 14, 16, 18, and 19 waived for this reason. *See* Appellant's Brief at 13, 14, 20, 22, 23, 24, 25, 26, 27-28.

Additionally, we agree with the Commonwealth that many of Yoder's claims are waived because they were not raised with the PCRA court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Commonwealth's Brief, at 8-18. Specifically, Yoder never raised arguments 8 through 18 with the PCRA court. *See* Appellant's Brief, 16-27; Motion for Post-Conviction Collateral Relief, 8/5/22, at 4. Therefore, these claims are waived for this reason as well.

We note the PCRA court found the 19 claims raised in Yoder's Rule 1925(b) statement waived for failure to comply with the dictates of Rule 1925(b)(4). *See* Pa.R.A.P. 1925(b)(4); PCRA Court Opinion, 7/31/23, at 3-5; Concise Statement of Matters Complained of on Appeal, 5/30/23 (unpaginated). Specifically, the PCRA court stated it was

> unable to discern the issues [Yoder] wishes to raise on appeal because he has failed to concisely identify any particular errors with sufficient detail in a non-redundant and non-lengthy manner violative of Pa.R.A.P. 1925(b). We cannot readily respond because

he fails to clearly allege our errors of law or abuse of discretion. [Yoder] fails to identify with sufficient specificity how, or in what manner this court erred. He articulates a litany of issues that are outside the scope of a PCRA proceeding and improper for this appeal in paragraphs 1 through 19. …

Here, [Yoder's] filing is too lengthy, redundant, and at the same time vague to apprise the court of the precise issue(s) to be raised and impedes our ability to offer a proper legal analysis. We cannot act as counsel for [Yoder] and try to interpret, anticipate, guess, or predict what he seeks to appeal. We respectfully assert that [Yoder's] [c]oncise [s]tatement renders all issues purportedly raised therein waived.

PCRA Court Opinion, 7/31/23, at 4. The PCRA court, to its credit, does then try to discern some of Yoder's claims. *See id.* at 5-8. As such, we agree with the PCRA court that Yoder's Rule 1925(b) statement violated Rule 1925(b)(4) and we also could find waiver on that basis.[1] However, we decline to do so, as we can discern some of Yoder's claims within his Rule 1925(b) statement, and the PCRA court addresses some of the claims in its Rule 1925(a) opinion.

_____

[1] Relying on **Commonwealth v. Hooks**, 921 A.2d 1199, 1202 (Pa. Super. 2007), the Commonwealth notes, although Yoder's issues can be waived for other reasons, Yoder's issues cannot be waived based on the errors in his Rule 1925(b) statement because the PCRA court did not order him to file the statement. **See** Appellee's Brief, at 10 n.3. We disagree. The language in **Hooks** to which the Commonwealth cites directs that in order for this Court to find waiver on the basis of an **untimely** Rule 1925(b) statement, the trial court must have filed an order directing the appellant to file the statement within a certain number of days. In fact, this Court has expressly rejected the Commonwealth's proposition. **See Commonwealth v. Snyder**, 870 A.2d 336, 341 (Pa. Super. 2005) (finding appellant waived issues not raised in his Rule 1925(b) statement, even though he filed the statement contemporaneously with his notice of appeal before the court could order it).

Therefore, in total, we find claims 5, 6, and 8 through 19 waived as discussed above. We now turn to Yoder's remaining claims.

Our scope and standard of review "from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citations omitted). Yoder is required "to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Williams***, 196 A.3d 1021, 1027 (Pa. 2018) (citation omitted).

In Yoder's first issue, he asserts PCRA counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel for failing to file a direct appeal. ***See*** Appellant's Brief, at 1; ***see also Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness on appeal if that is the first opportunity to do so).

"The law presumes counsel has rendered effective assistance." ***Commonwealth v. Postie***, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) (citation omitted).

> To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability

that but for counsel's act or omission, the outcome of the proceeding would have been different.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation and quotation marks omitted). "A PCRA petitioner must address each of these prongs on appeal [, and a] petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Id.*** (citation omitted).

Yoder's argument here combines claims of ineffective assistance of counsel for failing to appeal the discretionary aspects of sentencing and for inducing an involuntary and unknowing guilty plea. ***See*** Appellant's Brief, at 1. We will address them separately.

Subpart one of this claim asserts trial counsel should have appealed the discretionary aspects of his sentence. ***See id.*** Yoder pled guilty on January 25, 2021, pursuant to a negotiated plea agreement where the Commonwealth agreed to a set sentence on both this case and docket CP-54-CR-0001835-2020 in exchange for Yoder's pleas of guilty to certain charges. ***See*** Memorandum of Plea Agreement, 1/26/21 (unpaginated). Sentencing was delayed so that Yoder could be evaluated pursuant to 42 Pa.C.S.A. § 9799.24, commonly referred to as a sexually violent predator assessment. ***See*** 42 Pa.C.S.A. § 9799.24; Order of Court, 2/22/21 (single page; ordering Yoder to be evaluated by the Sexual Offenders Assessment Board). The trial court imposed the agreed-upon sentence on August 16, 2021. ***See*** N.T. Sentencing, 8/16/21, at 4-5, 7.

"One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). Therefore, this claim is meritless and Yoder cannot prove that trial counsel was ineffective for failing to raise a meritless issue. ***See Commonwealth v. Rivera***, 199 A.3d 365, 382 (Pa. 2018) (counsel cannot be ineffective for failing to raise an issue that lacks arguable merit). Subpart one of Yoder's first claim does not entitle him to relief.

We are unable to address subpart two of Yoder's first claim regarding an involuntary and unknowing guilty plea because his guilty plea transcript was not included in the certified record. ***See Commonwealth v. Preston***, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) ("any document which is not part of the officially certified record is deemed non-existent[;]" and it is the duty of the appellant to ensure the necessary transcripts are part of the certified record, and failure to do so results in waiver) (citation omitted). This claim is therefore waived, and Yoder's first issue does not merit relief. Without the transcript of his guilty plea, we are unable to assess the claims regarding his plea.

Yoder's second issue revolves around trial counsel's alleged ineffectiveness. ***See*** Appellant's Brief, at 4-5. In this claim, Yoder discusses both dockets, CP-54-CR-0001457-2020 and CP-54-CR-0001835-2020. ***See id.*** As discussed previously, this is an appeal from docket CP-54-CR-0001457-

2020 and not CP-54-CR-0001835-2020. Therefore, we will not address the claims regarding docket CP-54-CR-0001835-2020 as they were not raised with the PCRA court. *See* Pa.R.A.P. 302(a). In any event, Yoder starts his issue by re-hashing his arguments regarding a direct appeal. *See* Appellant's Brief, at 5. We disposed of that claim previously in addressing Yoder's first issue and decline to review it again.

Yoder next asserts trial counsel was ineffective for failing to challenge the Office of the Attorney General's authority to prosecute him. *See id.* Yoder was charged with sexual abuse of children under subsections 6312(c) and (d). *See* 18 Pa.C.S.A. § 6312(c), (d). Section 6312 specifically authorizes the Attorney General to investigate and prosecute any violation of section 6312. *See* 18 Pa.C.S.A. § 6312(f.1)(2).

> In addition to the authority conferred upon the Attorney General by the act of October 15, 1980 (P.L. 950, No. 164) [71 P.S. § 732-101 et seq.], known as the Commonwealth Attorneys Act, the Attorney General shall have authority to investigate and to institute criminal proceedings for any violation of this section or any series of violations of this section involving more than one county of this Commonwealth or involving any county of this Commonwealth and another state. **No person charged with a violation of this section by the Attorney General shall have standing to challenge the authority of the Attorney General to investigate or prosecute the case**, and, if any such challenge is made, the challenge shall be dismissed and no relief shall be available in the courts of this Commonwealth to the person making the challenge.

18 Pa.C.S.A. § 6312(f.1)(2) (emphasis added). As his trial counsel knew, Yoder did not have standing to challenge the Attorney General's authority as

he was charged under section 6312. As such, Yoder is unable to show this claim has arguable merit. **See Rivera**, 199 A.3d at 382.

Yoder next claims trial counsel was ineffective for not challenging the search warrant for his residence because the agent who drafted the search warrant lied. **See** Appellant's Brief, at 6-7. We are unable to discern what "lie" the agent allegedly made within the search warrant, or to properly assess the search warrant, as the certified record does not contain the search warrant. Therefore, this claim is waived. **See Preston**, 904 A.2d at 6-7.

Next, Yoder asserts that trial counsel "fail[ed] to disclose aspects of sentencing." Appellant's Brief, at 8. He states that "his pleas contained [the statutory] maximum sentence" and therefore he received no benefit from accepting the plea offer and was misinformed by trial counsel regarding other potential charges. **See id.**

"Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999) (citation omitted). Further, as we noted previously, the guilty plea transcript is not part of the certified record. We can find this claim waived on that basis, but we note that we can discern from the certified record we have been provided that Yoder did receive a benefit for his plea and at count one he was not sentenced to the statutory maximum.

Yoder pled guilty to distribution of child pornography and possession of child pornography, both felonies of the second degree. Each conviction carries a maximum sentence of 10 years. *See* 18 Pa.C.S.A. §§ 106(b)(3); 1103(2). Yoder was sentenced to 2.5 to 5 years' incarceration on each offense, to be served consecutively. *See* N.T. Sentencing, 8/16/21, at 5. Yoder was further given a consecutive term of 5 years' probation for his sentence of possession of child pornography. *See id.* This was pursuant to a negotiated guilty plea where counts 2, 3, 4, and 6 were *nolle prossed* by the Commonwealth. *See id.* Clearly, Yoder received a benefit of pleading guilty as he only pled to two charges and four charges were dropped for his plea. *See id.*

Additionally, at his sentencing, Yoder was asked multiple questions by the trial court and never once expressed any confusion regarding his sentence, nor did he request to withdraw his plea. *See id.* at 5, 6. In fact, Yoder addressed the trial court prior to sentencing, acknowledging that he was "excited to be moving on to a facility that offers targeted counseling[.]" *Id.* at 4. Clearly, then, Yoder cannot show any arguable merit to his claims which challenge his guilty plea. This issue does not merit relief.

In his third issue, Yoder claims the criminal information does not identify the elements of the charges. *See* Appellant's Brief, at 10. While he does not elaborate within the argument section how this claim is cognizable under the PCRA, he alleges two grounds within his question presented: violation of "his

6th Amendment[2] right to be properly informed of the nature and cause of the accusations[; and he] was denied his right to effective assistance of counsel." *Id.* at IV; *see* 42 Pa.C.S.A. § 9543(a)(2)(i), (ii) (PCRA petitioner is eligible for relief if he alleges and proves either a violation of the Constitution or ineffective assistance of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."). Yoder asserts that the criminal information is defective because it "fails to identify with specificity a location or device or even [] basic descriptions of alleged videos/images[.]" *Id.* at 11.

> The purpose of an Information or Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. This may be accomplished through use of the words of the statute itself as long as those words of themselves fully, directly, and expressly, without any

---

[2] The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

> uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

***Commonwealth v. Alston***, 651 A.2d 1092, 1095-96 (Pa. 1994) (citations and quotation marks omitted).

The criminal information filed against Yoder accuses him of committing sexual abuse of children[3] at the first five counts and criminal use of a communication facility[4] at count six, on or about April 13, 2020, through August 18, 2020. ***See*** Criminal Information, 9/25/20 (unpaginated). The individual counts track the exact language of the relevant statutes and then add specific facts relevant only to Yoder. For example, count 1, after tracking the language of the statute, 18 Pa.C.S.A. § 6312(c), states: "to-wit: the defendant did distribute or make available for distribution at least one (1) video and three (3) images depicting a child under the age of 13 years engaging in a prohibited sexual act and depicting indecent contact with the children… ." ***Id.*** The criminal information provided Yoder enough notice to defend against the charges by using the language of the statute because it "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements[.]" ***Alston***, 651 A.2d at 1096 (citation omitted). Further, the criminal information did set forth, unlike Yoder claims, a basic factual

---

[3] 18 Pa.C.S.A. § 6312(c), (d).

[4] 18 Pa.C.S.A. § 7512(a).

description of the videos and images. Criminal Information, 9/25/20 (unpaginated). Therefore, this claim has no merit.

Yoder further asserts the criminal information is deficient because the Office of the Attorney General did not have the authority to prosecute the case. *See* Appellant's Brief, at 11-12. We addressed the Attorney General's authority in Yoder's claim regarding ineffective assistance of counsel. This claim has no merit.

In Yoder's fourth claim, he posits that his charges were incorrectly graded as felonies of the second degree when they should have been graded as felonies of the third degree. *See* Appellant's Brief, at 12. As this may implicate the legality of Yoder's sentence, it is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii) (a claim is cognizable under the PCRA if the sentence is greater than the lawful maximum); N.T. Sentencing, 8/16/21, at 5 (Yoder sentenced on count 5 to 2.5 to 5 years' incarceration with a consecutive term of 5 years' probation); 18 Pa.C.S.A. §§ 106(b)(3), (4); 1103(2), (3) (felony of the second degree punishable by maximum of ten years; felony of third degree punishable by maximum of seven years).

Yoder claims he can only be charged with felonies of the second degree if these were second offenses or if the images depicted a child under the age of ten. *See* Appellant's Brief, at 12. Yoder is incorrect. Yoder was charged at both counts 1 and 5, the counts to which he pled guilty, with images or videos depicting indecent contact with children. *See* Criminal Information, 9/25/20

(unpaginated). Subsection 6312(d.1)(3) provides that the grading of the offenses to which Yoder pled guilty (18 Pa.C.S.A. § 6312(c), (d)) "shall be one grade higher" when "indecent contact with the child … is depicted[.]" 18 Pa.C.S.A. § 6312(d.1)(3) (version in effect January 1, 2014 through August 29, 2021). Without this increase, subsections 6312(c) and (d) would be graded as felonies of the third degree. *See* 18 Pa.C.S.A. § 6312(d.1)(2)(i). Further, Yoder was apprised of the increased grading by the plain language of the criminal information. *See* Criminal Information, 9/25/20 (unpaginated) (providing the grades of the offenses as felonies of the second degree and including the language that the videos and images depicted indecent contact with the children). As such, this claim has no merit.

In Yoder's seventh claim, he asserts that trial and PCRA counsel were ineffective for failing to challenge both the Sexual Offender Registration and Notification Act ("SORNA") and his classification as a sexually violent predator ("SVP"). *See* Appellant's Brief, at 15. First, we address Yoder's challenge to his SVP designation. Yoder stipulated that he was found to be a SVP. *See* N.T. Sentencing, 8/16/21, at 4; Notification of Registration and Verification Requirements under 42 Pa.C.S.[A.] § 9799.10 et seq., 8/16/21 (unpaginated). Yoder baldly asserts, in contravention of the record, that he never stipulated to his SVP status. *See* Appellant's Brief, at 15. He also asserts, without any citation to authority, that "current law states that an SVP designation cannot be stipulated to." *Id.* Yoder's bald assertions are belied by

the record. Yoder both signed the notification of his registration requirements which labeled him a SVP and his counsel, twice at sentencing, indicated Yoder was stipulating to the Sexual Offenders Assessment Board ("SOAB") evaluation. *See* N.T. Sentencing, 8/16/21, at 4; Notification of Registration and Verification Requirements under 42 Pa.C.S.[A.] § 9799.10 et seq., 8/16/21 (unpaginated). Furthermore, after an exhaustive search, we were unable to find any cases that hold a defendant may not stipulate to the SOAB report. Therefore, this claim does not merit relief.

Finally, Yoder "raises a question to the punitive nature and Constitutionality of SORNA." Appellant's Brief, at 16. He asserts that SORNA violates his due process rights. *See id.* We disagree. Our Supreme Court recently announced its decision in the much-anticipated *Torsilieri* case. *See Commonwealth v. Torsilieri*, --- A.3d ---, 2024 WL 2789201 (Pa. filed May 31, 2024). Our Supreme Court found Subchapter H of SORNA, the section to which Yoder is required to register, is constitutional. *See id.* at *26; 42 Pa.C.S.A. § 9799.11(c) (Subchapter H applies to "individuals who committed a sexually violent offense on or after December 20, 2012[.]"); Criminal Information, 9/25/20 (unpaginated) (averring Yoder committed his offenses on or about April 13, 2020, through August 18, 2020). Therefore, Yoder is unable to prove prejudice, i.e., that the result of his PCRA petition would have been different if PCRA counsel raised trial counsel's ineffectiveness for failing to challenge the constitutionality of SORNA. *See Wholaver*, 177 A.3d at 144

- 16 -

(the petitioner must show prejudice, which is defined as a reasonable probability that the outcome of the proceeding would have been different). This claim also lacks merit.

After an exhaustive review of Yoder's claims, we find many of them were waived for the reasons set forth above. The remainder of Yoder's claims are without merit. We therefore affirm the order of the PCRA court dismissing Yoder's PCRA petition.[5]

Order affirmed.[6]


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/02/2024

_____

[5] The PCRA court dismissed Yoder's PCRA petition on different grounds than we do on many of his claims, however, we may affirm on any basis, even if different than that relied upon by the PCRA court. **See Commonwealth v. Grajales**, 266 A.3d 685, 688 n.3 (Pa. Super. 2021).

[6] We also deny Yoder's Motion to Appoint Counsel or Remand filed on September 1, 2023. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa. Super. 2019) (after court-appointed counsel is permitted to withdraw by filing a **Turner**/**Finley** no-merit letter, a PCRA petitioner is no longer entitled to court-appointed counsel).